UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY MURRAY,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:14-cv-05757-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of the defendant Commissioner's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge.  After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, the Commissioner's decision to deny benefits is affirmed.

FACTUAL AND PROCEDURAL HISTORY

In January 2011, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of April 10, 2009, due to hearing loss, back problems, knee problems, depression, insomnia, panic attacks, suicidal thoughts, concentration deficits, anxiety, and family history of bipolar disorder. See Administrative Record ("AR") 370-76, 379-88, 417, 442, 447.  His applications were denied upon initial administrative review and on reconsideration.  See AR 219-21, 223-40, 250-83.  Hearings were held before an administrative law judge ("ALJ") on April 25,

ORDER - 1

2012, and December 10, 2012, and at which Plaintiff, represented by counsel, appeared and testified, as did Plaintiff's sister and a vocational expert. See AR 58-153.

On February 6, 2013, the ALJ issued a decision finding Plaintiff not disabled. See AR 31-48. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 23, 2014, making the ALJ's decision the Commissioner's final decision. See AR 1-7; see also 20 C.F.R. § 404.981, § 416.1481. On September 23, 2014, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF ## 1, 3. The administrative record was filed with the Court on December 2, 2014. See ECF # 11. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for a finding of disability or further proceedings, depending on which errors the Court finds in the ALJ's decision, because the ALJ erred in evaluating the medical evidence in the record, and in discounting Plaintiff's credibility. For the reasons set forth below, the Court disagrees that the ALJ erred in determining Plaintiff to be not disabled, and therefore affirms the Commissioner's decision.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing Brawner v. Sec'y of Health &

ORDER - 2

Human Servs., 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'" (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971))).[1]

I.   The ALJ's Assessment of Plaintiff's Credibility

The ALJ provided a number of reasons to discount the credibility of Plaintiff's subjective testimony, including (1) inconsistent objective medical evidence, (2) inconsistent daily activities, (3) his own inconsistent statements regarding his capabilities, (4) his receipt of unemployment benefits during the relevant period, and (5) evidence of prior dishonesty in order to obtain benefits. AR 38-42. Plaintiff argues that the ALJ's reasons are not clear and convincing, and

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

thus the adverse credibility determination is erroneous.

    A.    *Legal Standards*

Questions of credibility are solely within the control of the ALJ. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of

ORDER - 4

symptoms. See id.

B. *Objective Medical Evidence*

Plaintiff argues that the ALJ erred in citing inconsistent medical evidence, because some of the evidence supports his allegations. ECF # 13 at 19. The evidence cited by Plaintiff was discounted by the ALJ, however, and some of it does not even support his allegations. See, e.g., AR 815 (July 2012 treatment note stating that Plaintiff "is actually doing quite well" and requires "[n]o specific treatment"). Inconsistent medical evidence is a valid reason to discount a claimant's credibility. Carmickle v. Comm'r of Social Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

C. *Daily Activities*

The ALJ noted that Plaintiff stated in his function report that he was able to complete household chores, prepare meals, care for pets, shop in stores, use a computer, search for jobs, engage in social activities, complete community college coursework, and drag race on his motorcycle, and that these activities were inconsistent with Plaintiff's allegations of disabling physical and mental limitations. AR 41. Plaintiff points to his contradictory hearing testimony, and the testimony of his sister, to argue that he did not actually complete all the tasks he alleged in his function report. ECF # 13 at 19-20. This argument does not bolster Plaintiff's credibility, and instead highlights the inconsistencies in his report that led the ALJ to question the veracity of Plaintiff's subjective testimony. AR 41. Inconsistencies in a claimant's reporting is a valid reason to discount a claimant's credibility. See Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

//

ORDER - 5

D.  *Unemployment Benefits*

Plaintiff argues that the ALJ mischaracterized the record when finding that his receipt of unemployment benefits was inconsistent with his allegation of disability, because Plaintiff was eligible for unemployment benefits due to his enrollment in community college classes and was not required to search for jobs.  ECF # 13 at 21.  The Commissioner essentially concedes that the ALJ erred in finding that Plaintiff's receipt of unemployment benefits was *per se* inconsistent with his allegation of disability.  ECF # 17 at 18-19.

But, as the Commissioner notes, the ALJ went on to explain that Plaintiff's testimony about his receipt of unemployment benefits revealed an actual discrepancy: Plaintiff admitted that he lied in order to get his benefits reinstated, after he had neglected to file a claim.  AR 42 (referencing AR 80).  This evidence of dishonesty supports the ALJ's adverse credibility determination, and thus the ALJ's error in construing Plaintiff's receipt of unemployment benefits against him is harmless.  See Carmickle, 533 F.3d at 1162-63.

II.  The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff challenges the ALJ's assessment of opinions provided by examining physicians Lynn Staker, M.D., and Christopher Kain, M.D., and examining psychologists Rebekah Cline, Psy.D., and Daniel Neims, Psy.D.  Plaintiff argues that the ALJ's reasons to discount the opinions were not specific and legitimate, and the Court will address each provider's opinion in turn.

A.  *Legal Standards*

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.  See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).  Where the medical evidence in the record is not conclusive, "questions of credibility and

ORDER - 6

resolution of conflicts" are solely the functions of the ALJ. Sample, 694 F.2d at 642.  In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester, 81 F.3d at 830.  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need

ORDER - 7

not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson, 359 F.3d at 1195; see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan, 242 F.3d at 1149. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

   B.  *Dr. Staker & Dr. Kain*

   Dr. Staker examined Plaintiff in February 2011, and opined that Plaintiff was limited to sedentary work, but should have a lumbar MRI and pending those results, may require treatment. AR 637-41. Plaintiff did have a lumbar MRI, and Dr. Staker reviewed those findings. AR 642-44. Dr. Staker interpreted the MRI results to indicate that Plaintiff did not require surgery, but "[p]hysical therapy and conservative measures might be of some benefit." AR 643.

   Dr. Kain examined Plaintiff in July 2012, after reviewing MRI evidence, and found that Plaintiff could "move[] about the room easily and without difficulty. . . . Manual motor testing, senses, and reflexes are intact. Straight-leg raise is negative. . . . No spasm. He can bend to within 2' of the ground." AR 815. Dr. Kain concluded that Plaintiff "is doing actually doing quite well. No specific treatment necessary." AR 815. Dr. Kain went on to opine that Plaintiff was limited to sedentary work, and left blank the area of the form requesting citation to supporting medical findings. AR 816.

   The ALJ discounted Dr. Staker's opinion and Dr. Kain's opinion regarding Plaintiff's limitation to sedentary work because neither doctor's examination notes indicated serious clinical findings. AR 43. The ALJ also found that Dr. Kain's opinion was inconsistent with

ORDER - 8

Plaintiff's activities, including his daily exercises, household chores, meal preparation, shopping, driving, and drag racing.  Id.  Finally, the ALJ noted that State agency medical consultants opined that Plaintiff could perform light work, which contradicted the opinions of Drs. Staker and Kain.  Id.

As to the first reason, Plaintiff argues that the two lumbar MRI reports themselves "provide an objective basis for the doctors' opinions that Plaintiff would be limited to sedentary work."  ECF # 13 at 6.  The lumbar MRI findings do not discuss functionality, however, and thus do not alone support the opinions.  See AR 642, 644, 787-88.  Neither doctor explicitly cited MRI findings as the basis for his opinion as to Plaintiff's work restriction, and neither doctor reviewed both lumbar MRI reports.  The ALJ did review both MRI reports, and discussed them in her decision.  AR 38.  Plaintiff has not established that the ALJ erred in finding that Dr. Staker's and Dr. Kain's opinions were not supported by objective clinical findings.

Plaintiff also argues that the ALJ erred as to her second reason, in finding the medical opinions to be inconsistent with his activities, because that reason was improperly relied upon in reaching the adverse credibility determination as well.  ECF # 13 at 9-10.  This argument fails for three reasons.  First, as explained *supra*, the ALJ did not err in relying upon evidence of inconsistent daily activities to discount Plaintiff's credibility.  Furthermore, Plaintiff incorrectly suggests that the ALJ discounted Dr. Kain's opinion because it relied upon subjective complaints (ECF # 13 at 9), but the ALJ did not do so.  Plaintiff goes on to argue that Dr. Kain's suggestion that Plaintiff continue exercises actually undermines the ALJ's finding that Plaintiff's activity level was inconsistent with his limitations (ECF # 12 at 9-10), but this argument overlooks the ALJ's point: Plaintiff was able to, and encouraged to, complete daily exercises, which she found inconsistent with a restriction to sedentary work.

Lastly, Plaintiff argues that the ALJ erred in citing contrary State agency opinions as a reason to discount the opinions of Drs. Staker and Kain, because the regulations place primary emphasis on opinions rendered by examining or treating providers, and because the State agency consultant did not have the opportunity to review Dr. Kain's opinion or the second lumbar MRI.

It is true that examining or treating providers' opinions are generally entitled to more weight, but a nonexamining physician's opinion can nonetheless amount to substantial evidence if it is consistent with other independence evidence in the record. See Tonapetyan, 242 F.3d at 1149. The State agency consultant's opinion was consistent with the opinion of examining physician Dan V. Phan, M.D., who opined that Plaintiff was limited to light work with some additional restrictions. AR 582-84. Although Plaintiff contends that Dr. Phan's opinion is outdated, because it was rendered in August 2009, Dr. Phan's clinical findings were as minimal as (yet more detailed than) the findings indicated by Drs. Staker and Kain. Compare AR 583-84 with AR 640, 815. Plaintiff has not established that he became more limited since the time he was examined by Dr. Phan, and thus has not shown error in the ALJ's reliance on a State agency opinion that is consistent with Dr. Phan's opinion.

C.     *Dr. Cline & Dr. Neims*

The ALJ gave little weight to the DSHS form opinions completed by Drs. Cline and Neims in February 2011, August 2011, and February 2012. AR 44 (citing AR 629-36, 692-98, 754-68). The ALJ discounted these opinions as (1) based "heavily" on Plaintiff's subjective self-reporting, which the ALJ found to lack credibility; (2) rendered in connection with Plaintiff's benefits application, and thus subject to Plaintiff's motivation to exaggerate symptoms in order to receive benefits; (3) not supported by clinical findings; (4) inconsistent with Plaintiff's activities; and (5) inconsistent with the State agency opinions as to Plaintiff's mental limitations.

ORDER - 10

AR 44.  The Court agrees with Plaintiff that the ALJ's second reason is not specific and legitimate, because the underlying purpose of an evaluation does not bear on its reliability.  See Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998).  The ALJ's other reasons are valid, however.

Both Drs. Cline and Neims relied upon Plaintiff's subjective reporting, and failed to explain the objective, clinical bases for their opinions.  Neither psychologist reviewed any records other than their own reports (AR 629, 692, 754), and cited either no evidence or Plaintiff's own testimony as the basis for many opinions as to limitations.  See, e.g., AR 632 (Dr. Cline citing Plaintiff's "history of depression and trauma" as the basis for her opinion that Plaintiff could not interact with the public), 694 (Dr. Neims's first opinion citing no findings as support for his opinions as to Plaintiff's limitations), 756-57 (Dr. Neims's second opinion citing no findings as support for his opinions as to Plaintiff's limitations).  Although Dr. Neims wrote narrative reports that he attached to the DSHS form opinions, these narratives did not explain the foundation for his opinions regarding Plaintiff's functional limitations.  AR 697-98, 759-61.  To the degree that Drs. Cline and Neims relied on Plaintiff's subjective self-reporting, and did not explain how their opinions were supported by clinical findings, the ALJ did not err in discounting the opinions.  See Ryan v. Comm'r of Social Sec. Admin., 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

As found by the ALJ, Dr. Cline's opinion was also inconsistent with Plaintiff's activities.  Dr. Cline opined that Plaintiff would have trouble completing tasks of three or more steps due to focus deficits, but the record showed that Plaintiff was able to complete a variety of tasks (AR 434-39) and Dr. Cline's own test results showed that Plaintiff could complete a three-step task (AR 631-32, 634).  These inconsistencies are a legitimate reason to discount a medical opinion.

ORDER - 11

Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province"); Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Furthermore, as noted by the ALJ, the State agency opinions (which are consistent with the opinions rendered by examining psychologist William J. Chalstrom, Ph.D. (AR 650-653, 789-807)) conflicted with the opinions of Drs. Cline and Neims.  Dr. Chalstrom opined that Plaintiff could complete short, simple instructions, could persist through a normal workday, and would have difficulty with responding to change and interacting with co-workers.  AR 653, 793.  The ALJ gave significant weight to Dr. Charlstrom's opinions, as well as the State agency opinions.[2]  AR 43-44.

Plaintiff argues that the ALJ erred in relying on State agency opinions that were rendered by non-examining providers, before the entire record was complete. ECF # 13 at 15-16.  But, as explained *supra*, the State agency opinions were consistent with independent evidence in the record, including Dr. Chalstrom's 2011 opinion, and thus constitute substantial evidence.  See Tonapetyan, 242 F.3d at 1149.  The ALJ reviewed the entire record, and therefore had the opportunity to assess whether the State agency opinions were consistent therewith.

//

---

[2] Plaintiff also argues that the ALJ erred in crediting Dr. Chalstrom's opinions and yet failing to account for his findings as to Plaintiff's processing speed.  Dr. Chalstrom conducted testing showing that Plaintiff's processing speed was in the 8th percentile (AR 797), which Plaintiff interprets to mean that he is 20 percent slower than the average employee. ECF # 13 at 17-18.  Dr. Chalstrom did not so opine, however; he found that Plaintiff's pace was slow on tasks that required "sequencing and visual scanning of information[,]" but that he could nonetheless complete tasks with "short and simple instructions."  AR 793.  Plaintiff has not established that the ALJ failed to account for any part of Dr. Chalstrom's opinion.

ORDER - 12

CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled.  Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 5th day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 13